# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD DOMES, | ) |
| Petitioner, | ) Civil Action No. 08 - 1402 |
| | ) Magistrate Judge Lisa P. Lenihan |
| v. | ) |
| WARDEN MELVIN LOCKETT, PA ATTORNEY GENERAL, and THE ALLEGHENY COUNTY DISTRICT ATTORNEY, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

II. REPORT

In this action, Petitioner, Edward Domes, a state prisoner incarcerated at the State Correctional Institution at Greensburg, Pennsylvania, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 wherein he challenges his conviction of Murder in the First Degree and his sentence of life imprisonment. This is not Petitioner's first habeas corpus petition filed in this Court. On April 6, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in this Court docketed at Civil Action No. 05-457, wherein he attacked the same conviction he is challenging in his current action. On March 14, 2006, United States District Judge Gary L. Lancaster entered an Order

denying Petitioner's Petition and denying a certificate of appealability. This Order adopted the January 19, 2006 Report and Recommendation by Magistrate Judge Lisa Pupo Lenihan.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (the AEDPA), which amended 28 U.S.C. § 2244(b) (3) to read as follows:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B)  A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C)  The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D)  The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E)  The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3) (amended Apr. 24, 1996).

In the instant petition, Petitioner is attacking the same conviction that he attacked in his previous petition. In his previous habeas corpus petition, this Court determined that Petitioner's claims either were procedurally defaulted or were without merit. Thus, Petitioner's current Petition is a "successive" petition, which is subject to the certification requirements set forth in 28 U.S.C. § 2244(b).

Having decided that Petitioner's current motion should be treated as a second § 2254 petition, it must be dismissed. *See* Burton v. Stewart, 549 U.S.147 (2007) (holding that the District Court did not have jurisdiction to entertain a successive petition because the court of appeals had not authorized the petitioner to file a successive habeas petition under 28 U.S.C. § 2244(b)).

III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the petition for writ of habeas corpus be dismissed as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                              Lisa Pupo Lenihan
                                                              U.S. Magistrate Judge

Dated: November 12, 2008

cc:    The Honorable Gary L. Lancaster
       United States District Judge

       Edward Domes
       CM-8202
       SCI Greensburg
       165 SCI Lane
       Greensburg, PA 15601